## WILLS—LEGACIES—REAL ESTATE.

[Hamilton (1st) Circuit Court, 1902.]

ELIZABETH SCHAUPP ET AL. V. THOMAS JONES ET AL.

1. LEGATEES OF PROCEEDS OF SALE OF REAL ESTATE.

> The legatees under a will prescribing that certain real estate be sold and the proceeds be equally distributed among them acquire no title to the real estate under the will, although they may by all uniting in a request therefor avoid the sale and keep the premises instead, still no one can do so alone.

2. IMPLIED AUTHORITY TO SELL REAL ESTATE.

> No express authority having been given to the executors of a will to carry out a provision to sell certain lands and distribute the proceeds thereof to certain devisees, that power will be deemed conferred by a provision for the appointment of the executors "firmly believing that they will fully carry out the directions of the will."

HEARD ON ERROR.

Arnold Speiser and David P. Schorr, for plaintiff in error.

David P. Schorr, for plaintiff in error, cited:

The legal title to decedent's realty is not in his executors, and the devisees by uniting in a conveyance can effectually convey this real estate and divide the proceeds without their intervention. Flickinger v. Saum, 40 Ohio St. 591, 600 ; Foster v. Craig, 2 D. & B. Equity, 210 ; Gay v. Grant, 8 S. E. Rep. 99, 106 [101 N. C. 206] ; Skinner v. Wood, 76 N. C. 109 ; Seegar v. Seegar, 21 N. J. Eq. 90 ; Lippincott v. Lippincott, 19 N. J. Eq. 121 ; Engle v. Mades, 25 Wash. Law, Rep. 229.

As to the circumstances when, and under which a power to sell is an implication of law. Porterfield v. Porterfield, 37 Atl. Rep. 358, 359 [85 Md. 663].

Devise of a house is a devise of realty, and the house therefore can not properly be sold and proceeds distributed by the executors. Richmond (Common Council) v. State, 5 Ind. 334; Whitney v. Olney, 29 Fed. Cas. 1108 (3 Mason 280); McMillan v. Solomon, 42 Ala. 358.

Devise, though not otherwise expressed, is implied in a direction in a will to divide an estate among specified devisees. Linton v. Laycock, 33 Ohio St. 128, 137.

The authority of an executor to sell when conferred either expressly or by implication will not be extended, but will be strictly construed and limited to the subject matter over which the testator directed its exercise. Nimmons v. Westfall, 33 Ohio St. 213.

There is no direction in the will in the case at bar, which would fail or which could not be complied with, or which would be disregarded without a sale of the real estate by the executors ; under such circumstances, we maintain that the executors have no power to sell, and that plaintiff

is entitled to partition as prayed for. Weymouth v. Irwin, 7 Dec. 91 (5 N. P. 248). (Affirmed by circuit court, November Term, 1897.)

The language of the postscript in the case at bar is merely indicative of the reason why the testator requests that no bond be required of his executors. He has full confidence in them and therefore asks that the customary bond be dispensed with. Any other construction and especially that contended for by defendant in error, namely, that it is a direction to sell, is a forced construction. Alexander v. Wallace, 76 Tenn. (8 Lea) 569.

A direction by the testator to his executors to manage and control the estate was held to confer no power of sale. Blanton v. Mayes, 58 Tex., 422, 428, 429.

" In short it is my will that my wife shall have full and entire control of all my effects of whatever kind ;" *held*, that the will conferred no power of sale upon the wife, who was named as executrix. Rakestraw v. Rakestraw, 70 Ga. 806.

**Chas. T. Dumont,** contra.

**GIFFEN, J.**

The plaintiffs in error claim title to an undivided one-fourth interest in certain real estate under the following provisions of the last will and testament of Benedict M. Mueller :

" My house in Cincinnati, 608 Fulton avenue (which I inherited from my dear late father, Nicholas Mueller, to be sold and the proceeds likewise to be divided into four parts, to-wit : First part to St. Rosa's Catholic Church in memory of deceased parents and myself. Second part to my brother, Andrew Mueller, or in case of his death, to surviving family. Third part to Most Rev. Archbishop Elder or his successor in favor of orphans of the diocese. Fourth part to my cousin, Mrs. Elizabeth Schaupp (nee Gebhart) or (in case of her death) to her children. Benedict M. Mueller.

" P. S. I, as executor of this will, appoint Rev. B. H. Engbers, Ph. D., of Cincinnati, and Edward Powell, of West Jefferson, Ohio, without bond, firmly believing that they will fully carry out the directions of this will."

In the first place Elizabeth Schaupp acquired no title to the real estate under the will, as the gift was a bequest of money, and although all of the legatees might, by uniting in the request, have avoided a sale by the executor and taken the premises instead, still no one of them could alone do so.

The executor having sold the house and lot, it is claimed that he did so without authority. There is no express authority conferred upon

the executor to sell or divide the proceeds of sale of either the personal or real property, and after signing the will it evidently occurred to the testator that he had appointed no one to carry out his will. Hence in making the appointment he uses the language, "firmly believing that they will fully carry out the directions of this will." While these words do not amount to a command or direction to the executors, they express the wish and desire of the testator that the persons so appointed shall execute the will as he directs. In other words, they express such intention on the part of the testator.

We think, therefore, that the judgment should be affirmed.

---

## EVIDENCE—EXCEPTIONS—STREET GRADES.